UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA § § v. § § CRIMINAL NO. 4:11-cr-844 § ORLANDO ABAD-LOPEZ § aka Land Abad § aka Land-Jr. Abad § aka Landy Abad § aka Rolando Abar § aka Orlando Abbad § aka Rafall Manuel Barrios § aka Rafael Manuel Barrios § aka Angel L Colon § aka A L Colon § aka Enrique Enriquez § aka Erich Escriba § aka Orlando Garcia § aka Ricky Garcia § aka Ricky Orlando Garcia § aka Rolando Abar Garcia § aka Orlando Garcia-Lopez § aka Orlando Garcias Lopez § aka Rolando Manuel Garcis § aka Orlando Garza § aka Julio Ramirez Mestas § aka Julio Ramirez § aka Ernesto Rosario Romero § aka Landy-Jr Roney § aka Ernesto Rosario Romero § aka Landy-Jr Runey § aka Raul-Jr. Sanchez § aka Jorge Sanchez § § Defendant. § | |

## PLEA AGREEMENT

The United States of America, by and through Kenneth Magidson, United States Attorney for the Southern District of Texas, and Catherine Lavery , Special Assistant United States Attorney,

and Defendant, Orlando Abad-Lopez, and Defendant's counsel, pursuant to Rule11(a)(2) [handwritten: (c)(1)(A)] of the Federal Rules of Criminal Procedure, state that they have entered into an agreement, the terms and conditions of which are as follows:

[handwritten margin notes: ccc R.O.A]

## The Defendant's Agreement

1. Defendant agrees to plead guilty to Count One of the Information. Count One charges Defendant with Sale or Receipt of Stolen Goods, in violation of Title 18, United States Code, § 2315. Defendant, by entering this plea, agrees that he is waiving any right to have the facts that the law makes essential to the punishment either charged in the Information or proven to a jury or judge beyond a reasonable doubt.

## Punishment Range

2. The **statutory** maximum penalty for each violation of Title 18, United States Code, United States Code, § 2315 is a term of imprisonment of not more than ten (10) years and a fine of not more than $250,000.00. Additionally, Defendant may receive a term of supervised release after imprisonment of up to three years. Title 18, United States Code, §§ 3559(a) and 3583(b). Defendant acknowledges and understands that if he should violate the conditions of any period of supervised release which may be imposed as part of his sentence, then Defendant may be imprisoned for the entire term of supervised release, without credit for time already served on the term of supervised release prior to such violation. Title 18, United States Code, §§ 3559(a) and 3583(e)(3). Defendant understands that he cannot have the imposition or execution of the sentence suspended, nor is he eligible for parole.

## Mandatory Special Assessment

3.      Pursuant to Title 18, United States Code, § 3013(a)(2)(A), immediately after sentencing, Defendant will pay to the Clerk of the United States District Court a special assessment in the amount of one hundred dollars ($100.00) per count of conviction. The payment will be by cashier's check or money order payable to the Clerk of the United States District Court, c/o District Clerk's Office, P.O. Box 61010, Houston, Texas 77208, Attention: Finance.

## Immigration Consequences

4.      If Defendant is not a citizen of the United States, a plea of guilty may result in deportation, removal, and/or exclusion from admission to the United States, or the denial of naturalization. A plea of guilty may also result in Defendant being permanently barred from legally entering the United States after being deported, removed, and/or excluded. Defendant's attorney has advised Defendant of the potential immigration consequences resulting from Defendant's plea of guilty.

## Waiver of Appeal

5.      Defendant is aware that Title 28, United States Code, § 1291, and Title 18, United States Code, § 3742, afford a defendant the right to appeal the conviction and sentence imposed. Defendant knowingly and voluntarily waives the right to appeal the conviction and/or the sentence imposed, or the manner in which the sentence was determined. Additionally, Defendant is aware that Title 28, United States Code, § 2255, affords the right to contest or "collaterally attack" a conviction or sentence after the conviction or sentence has become final. Defendant knowingly and voluntarily waives the right to contest his conviction and/or sentence by means of any post-conviction proceeding.

6.   In agreeing to these waivers, Defendant is aware that a sentence has not yet been determined by the Court. Defendant is also aware that any estimate of the possible sentencing range under the Sentencing Guidelines that he may have received from his counsel, the United States, or the Probation Office, is a prediction, not a promise, and such estimate **did not induce his guilty plea** and is not binding on the United States, the Probation Office, or the Court. The United States does not make any promise or representation concerning what sentence Defendant will receive. Defendant further understands and agrees that the Sentencing Guidelines are "effectively advisory" to the Court. *United States v. Booker*, 125 S. Ct. 738 (2005). Accordingly, Defendant understands that, although the Court must consult the Sentencing Guidelines and must take them into account when sentencing Defendant, the Court is not bound to follow the Sentencing Guidelines nor sentence Defendant within the calculated guideline range.

7.   Defendant understands and agrees that each and all waivers contained in the Agreement are made in exchange for the concessions made by the United States in this Plea Agreement.

### The United States' Agreements

8.   The United States agrees to the following:

At the time of sentencing, the United States agrees not to oppose Defendant's anticipated request to the Court and the United States Probation Office that he receive a two (2)- level downward adjustment under U.S.S.G. § 3E1.1(a) of the Sentencing Guidelines should Defendant accept responsibility as contemplated by the Sentencing Guidelines.

If the Defendant qualifies for an adjustment under U.S.S.G. Section 3E1.1(a), the United States agrees not to oppose the Defendant's request for an additional one (1)-level departure based on the timeliness of the plea or the expeditious manner in which the Defendant provided complete information regarding his role in the offense if the Defendant's offense level is 16 or greater.

The United States also agrees to not oppose a sentence within the applicable Guideline range.

### Agreement Binding - Southern District of Texas Only

9. The United States agrees that it will not further criminally prosecute Defendant in the Southern District of Texas for offenses arising from conduct charged in the Information. This Plea Agreement binds only the United States Attorney's Office for the Southern District of Texas and Defendant. It does not bind any other United States Attorney. The United States will bring this Plea Agreement and the full extent of Defendant's cooperation to the attention of other prosecuting offices if requested.

### United States' Non-Waiver of Appeal

10. The United States reserves the right to carry out its responsibilities under the Sentencing Guidelines. Specifically, the United States reserves the right:

   (a) to bring its version of the facts of this case, including its evidence file and any investigative files, to the attention of the Probation Office in connection with that office's preparation of a presentence report;

   (b) to set forth or dispute sentencing factors or facts material to sentencing;

   (c) to seek resolution of such factors or facts in conference with Defendant's counsel and the Probation Office;

   (d) to file a pleading relating to these issues, in accordance with U.S.S.G. § 6A1.2 and Title 18, United States Code, § 3553(a); and

   (e) to appeal the sentence imposed or the manner in which it was determined.

### Sentence Determination

11. Defendant is aware that the sentence will be imposed after consideration of the Sentencing Guidelines, which are only advisory, as well as the provisions of Title 18, United

States Code, § 3553(a). Defendant nonetheless acknowledges and agrees that the Court has authority to impose any sentence up to and including the statutory maximum set for the offense to which Defendant pleads guilty, and that the sentence to be imposed is within the sole discretion of the sentencing judge after the Court has consulted the applicable Sentencing Guidelines. Defendant understands and agrees the parties' positions regarding the application of the Sentencing Guidelines do not bind the Court, and that the sentence imposed is within the discretion of the sentencing judge. If the Court should impose any sentence up to the maximum established by statute, or should the Court order any or all of the sentence(s) imposed to run consecutively, Defendant cannot, for that reason alone, withdraw a guilty plea, and will remain bound to fulfill all of the obligations under this Plea Agreement.

## Rights at Trial

12. Defendant represents to the Court that he is satisfied that his attorney has rendered effective assistance. Defendant understands that by entering into this Agreement, he surrenders certain rights as provided in this Plea Agreement. Defendant understands that those rights include the following:

   (a) If Defendant persisted in a plea of not guilty to the charges, Defendant would have the right to a speedy jury trial with the assistance of counsel. The trial may be conducted by a judge sitting without a jury if Defendant, the United States, and the court all agree.

   (b) At a trial, the United States would be required to present witnesses and other evidence against Defendant. Defendant would have the opportunity to confront those witnesses and his attorney would be allowed to cross-examine them. In turn, Defendant could, but would not be required to, present witnesses and other evidence on his own behalf. If the witnesses for Defendant would not appear voluntarily, he could require their attendance through the subpoena power of the court.

(c)     At a trial, Defendant could rely on a privilege against self-incrimination and decline to testify, and no inference of guilt could be drawn from such refusal to testify. However, if Defendant desired to do so, he could testify on his own behalf.

## Factual Basis for Guilty Plea

13.     Defendant is pleading guilty because he <u>is</u> guilty of the charges contained in Count One of the Information. If this case were to proceed to trial, the United States could prove each element of the offense beyond a reasonable doubt. The following facts, among others, would be offered to establish Defendant's guilt:

> On or about September 8, 2009, local law enforcement officers simultaneously executed search warrants at 722 Fostoria Lane, Houston, Texas and at 14126 Burtcliff, Houston, Texas for **the defendant, using the names Orlando Abad-Lopez** and Ricky Garcia. The search warrants were based on an arrest warrant for the defendant from Lafayette Parish, Louisiana. Police officers arrested Abad-Lopez at the 722 Fostoria Lane, Houston, Texas address. Both of these addresses were confirmed as the defendant's residences.
>
> During the execution of the warrants and the Defendant's arrest, law enforcement officers observed at both the 722 Fostoria Lane and 14126 Burtcliff addresses merchandise, including jewelry, clothing, and perfume, with price tags from JC Penney Department Stores. Additional stolen merchandise from JC Penney stores was recovered from a storage unit located at 614 W. Donovan, Houston, Texas and in a van (Texas License plate number CNK 780). Both the van and the storage unit were also confirmed as registered and belonging to the defendant.
>
> JC Penney loss prevention officers identified the merchandise and confirmed that merchandise matching these items was stolen from various JC Penney stores including those in Indiana on June 22, 2009 and Louisiana on August 16, 2009 and August 19, 2009.
>
> The defendant admitted that he was present when the merchandise was stolen and knew that it was stolen. The total amount reported stolen from the JC Penney stores in Louisiana and Indiana was $2,627,067.00.

7

## Breach of Plea Agreement

14. If Defendant should fail in any way to fulfill completely all of the obligations under this Plea Agreement, the United States will be released from its obligations under the Plea Agreement, and Defendant's plea, conviction, and sentence will stand. If Defendant knowingly withholds evidence or is otherwise not completely truthful with the United States, then the United States may move the Court to set aside the guilty plea and reinstate prosecution. Any information and documents that have been disclosed by Defendant, whether prior to or subsequent to this Plea Agreement, and all leads derived therefrom, will be used against Defendant in any prosecution.

## Fines

15. Defendant understands that under the Sentencing Guidelines the Court is permitted to order Defendant to pay a fine that is sufficient to reimburse the government for the costs of any imprisonment or term of supervised release, if any. Defendant agrees that any fine imposed by the Court will be due and payable immediately, and Defendant will not attempt to avoid or delay payment. Defendant waives the right to challenge the fine in any manner, including by direct appeal or in a collateral proceeding.

## Complete Agreement

16. This written Plea Agreement, consisting of eleven (11) pages, including the attached addendum of Defendant and his attorney, constitutes the complete Plea Agreement between the United States, Defendant, and his counsel. No promises or representations have been made by the United States except as set forth in writing in this Plea Agreement. Defendant acknowledges that no threats have been made against him and that he is pleading guilty freely and voluntarily because he is guilty.

17. Any modification of this Plea Agreement must be in writing and signed by all parties.

Filed at _Houshu TX_, Texas, on _April 18_, 20_13_.

_____
Defendant

Subscribed and sworn to before me on _18th_, 20_13_

DAVID J. BRADLEY, Clerk
UNITED STATES DISTRICT CLERK

By: _____
Deputy United States District Clerk

APPROVED:

Kenneth Magidson
United States Attorney

By: _____
Special Assistant United States Attorney
Southern District of Texas
Telephone:

_____
Attorney for Defendant

9

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| § | |
| v. § | |
| § | CRIMINAL NO. 4:11-cr-844 |
| ORLANDO ABAD-LOPEZ § | |
| aka Land Abad § | |
| aka Land-Jr. Abad § | |
| aka Landy Abad § | |
| aka Rolando Abar § | |
| aka Orlando Abbad § | |
| aka Rafall Manuel Barrios § | |
| aka Rafael Manuel Barrios § | |
| aka Angel L Colon § | |
| aka A L Colon § | |
| aka Enrique Enriquez § | |
| aka Erich Escriba § | |
| aka Orlando Garcia § | |
| aka Ricky Garcia § | |
| aka Ricky Orlando Garcia § | |
| aka Rolando Abar Garcia § | |
| aka Orlando Garcia-Lopez § | |
| aka Orlando Garcias Lopez § | |
| aka Rolando Manuel Garcis § | |
| aka Orlando Garza § | |
| aka Julio Ramirez Mestas § | |
| aka Julio Ramirez § | |
| aka Ernesto Rosario Romero § | |
| aka Landy-Jr Roney § | |
| aka Ernesto Rosario Romero § | |
| aka Landy-Jr Runey § | |
| aka Raul-Jr. Sanchez § | |
| aka Jorge Sanchez § | |
| § | |
| Defendant. § | |

**PLEA AGREEMENT - ADDENDUM**

10

I have fully explained to Defendant his rights with respect to the pending Indictment. I have reviewed the provisions of the United States Sentencing Commission's <u>Guidelines Manual</u> and <u>Policy Statements</u> and I have fully and carefully explained to Defendant the provisions of those Guidelines which may apply in this case. I have also explained to Defendant that the Sentencing Guidelines are only advisory and the court may sentence Defendant up to the maximum allowed by statute per count of conviction. Further, I have carefully reviewed every part of this Plea Agreement with Defendant. To my knowledge, Defendant's decision to enter into this Agreement is an informed and voluntary one.

_____   4-18-13
Attorney for Defendant             Date

I have consulted with my attorney and fully understand all my rights with respect to the Information pending against me. My attorney has fully explained and I understand all my rights with respect to the provisions of the United States Sentencing Commission's <u>Guidelines Manual</u> which may apply in my case. I have read and carefully reviewed every part of this Plea Agreement with my attorney. I understand this Agreement and I voluntarily agree to its terms.

_____   04/18/2015
Defendant                          Date

11